MEMORANDUM **
Nathaniel Flowers appeals the district court’s denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
We consider Flowers’ appeal under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which requires that we deny habeas relief unless Flowers demonstrates that the state court’s decision “ ‘was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or ... was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.’ ” Runningeagle v. Ryan, 686 F.3d 758, 766 (9th Cir.2012) (quoting 28 U.S.C. § 2254(d)).
Flowers failed to demonstrate that the California Court of Appeal’s rejection of his Brady[1] claim was the product of an unreasonable determination of the facts. See 28 U.S.C. § 2254(d)(2). The record supports the vast majority of the state court’s factual findings. However, to the extent that the state court determined that Joshua Fells testified that he would not identify the shooter, that finding was factually erroneous. Nevertheless, this factual error was not “central to petitioner’s claim,” and thus does not warrant relief. Taylor v. Maddox, 366 F.3d 992, 1001 (9th Cir.2004).
The state court’s denial of Flowers’ Brady claim was not unreasonable or contrary to federal law. Even if the State suppressed evidence that was favorable to Flowers, the California Court of Appeal reasonably determined that Flowers was not prejudiced, given the strength of the case against him, including eyewitness testimony, forensic evidence that the same gun was used in the two shootings, Perry’s statements, and Flowers’ recorded telephone conversations. See Morris v. Ylst, 447 F.3d 735, 745-46 (9th Cir.2006). In addition, the evidence at issue was also cumulative, thereby lessening its impact. See Williams v. Woodford, 384 F.3d 567, 599 (9th Cir.2004), as amended.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).